UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

LARRY A. FULK
   Plaintiff;

-vs.-

BILL HARBERT INTERNATIONAL
CONSTRUCTION, ET AL.
   Defendant.

No. CV-98-P-1076-S

## OPINION

At a special setting on June 21, 1999, the Court heard oral argument on the following motions in this case: 1) Plaintiff's Motion for Reconsideration of Denial of Partial Summary Judgment; 2) Plaintiff's Motion for Partial Summary Judgment; 3) Plaintiff's Motion for Remand; 4) Defendant Bill Harbert, Inc. and Defendant Susan Walker Heeschen's Motion for Summary Judgment; 5) Defendant Liberty Life's Motion for Summary Judgment; and 6) Defendants Harbert and Heeschen's Motion to Strike. For the reasons expressed below, Plaintiff's Motion for Reconsideration is due to be granted, but his Motion for Partial Summary Judgment is due to be denied. Plaintiff's Motion for Remand is also due to be denied. The Summary Judgment motions of Bill Harbert, Inc., Susan Walker Heeschen, and Liberty Life are due to be granted. The Defendants' Motion to Strike is due to be dismissed as moot.

1

## Facts[1]

The plaintiff was employed by Defendant Bill Harbert International Construction, Inc. ("Harbert") as a Project Supervisor at the Trussville Wastewater Treatment Plant. When he was hired, the plaintiff was provided information about Harbert's long-term disability coverage through Traveler's Insurance. In August, 1995, Harbert transferred its long-term disability coverage to Met Life. Both the Travelers and Met Life plans covered employees to the end of the month in which the premiums were paid, effectively continuing coverage to the end of the month in which an employee was terminated.

In August of 1997, Harbert again switched long-term disability insurance carriers to Liberty Life Assurance Company ("Liberty Life"). This change was effective on September 1, 1997. Harbert did not notify the plaintiff of the change until September 18, 1997, when the plaintiff was terminated.

The plaintiff has suffered from cardiac disease since 1996. Although he was advised by his physician in July of 1996 to file for disability benefits, the plaintiff did not do so. The plaintiff continued to work, although he used an ATV "four wheeler" to get around and spent the majority of his time in the office rather than the field.

On the morning of September 18, 1997, two Harbert employees told the plaintiff that he was terminated. That same morning, the plaintiff notified Defendant Susan Walker Heeschen, Harbert's Plan Administrator, that he intended to file for long-term disability benefits. Heeschen told the plaintiff that his benefits terminated that day. The next day, on September 19, the

---

[1] The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.

2

plaintiff faxed Heeschen a letter restating what he had told her the day before and referencing the Travelers Insurance benefit plan. On September 22, Defendant Heeschen told him that the company had changed insurance carriers to Liberty Life as of September 1, 1997. At that time, the plaintiff requested a copy of the Liberty Life Handbook, which he did not receive until November 1997. In October 1997 the plaintiff filed for long-term disability benefits with Liberty Life. In January of 1998, Liberty Life informed the plaintiff that his request for benefits had been denied.

The plaintiff filed suit on April 3, 1998 in the Circuit Court of Jefferson County, Alabama. He alleges that Defendants Harbert and Heeschen breached a fiduciary duty to notify him that a significant change to the benefit plan was under consideration. Both this claim, and the plaintiff's claim against Liberty Life for denial of benefits allege violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. The case was removed to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

## Analysis

### I. Plaintiff's Motion for Reconsideration

After removal to federal court, this case was originally assigned to Judge Seybourn H. Lynne in the Northern District of Alabama. On December 7, 1998 it was reassigned to the undersigned. The plaintiff requests that his motion for Partial Summary Judgment, previously denied by Judge Lynne, be reconsidered at this time. As this motion is unopposed by the defendant, the Motion for Reconsideration is due to be granted.

## II. Plaintiff's Motion for Partial Summary Judgment

The plaintiff argues that Defendants Harbert and Heeschen had a fiduciary duty to notify him that a new benefit plan was under serious consideration. He was terminated, and he continued to work until the day of his termination.

ERISA requires that plan administrators furnish summaries of new amendments to beneficiaries within 210 days after the end of the plan year in which the amendment was adopted. 29 U.S.C. § 1024(b)(1); Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73, 83 (1995). The plaintiff was notified of the defendants' decision to switch insurance carriers within that time period. Additionally, ERISA generally permits employers to modify, adopt and terminate benefit plans. Curtiss-Wright, 514 U.S. at 78. The defendants were free to change insurance carriers or modify the existing plan to the extent that benefits would terminate as of the date that an employee separated from the company.

The plaintiff continued to work until the day of his termination and did not assert that he was disabled or file for benefits until after his termination. Even if the defendants had notified the plaintiff prior to his termination of the switch to Liberty Life and that Liberty did not extend plan benefits beyond the date of termination, the plaintiff would still not have been in a position to receive those benefits because he continued to be able to do his work. The defendants' failure to notify plaintiff while still working of this change– as distinguished from the change itself– did not adversely affect the plaintiff. For these reasons, the plaintiff's motion is due to be denied.

## III. Plaintiff's Motion for Remand

The plaintiff seeks a remand to the Circuit Court of Jefferson County. The plaintiff argues

that ERISA is inapplicable to his case because there were no written plan booklets or brochures from Liberty Life available at the time of his termination. However, the plaintiff's claims fall under ERISA because at the time of the denial of benefits, the defendants had a long-term disability benefits plan in place. At no time during the period between the plaintiff's employment with Harbert and his filing for disability benefits was there a lapse in coverage by an ERISA-covered insurance plan. The plaintiff was notified of the switch to Liberty Life well within the time period required by ERISA and received the new booklets when they were available. Removal was proper under 29 U.S.C. § 1132(e)(1). Accordingly, the plaintiff's Motion for Remand is due to be denied.

IV. <u>Defendant Bill Harbert, Inc. and Defendant Susan Walker Heeschen's Motion for Summary Judgment</u>

The plaintiff seeks compensatory and punitive damages from Defendants Harbert and Heeschen, alleging that their breach of fiduciary duty in failing to notify him of the change in insurance carriers caused the denial of his long-term disability benefits. ERISA authorizes suits for "appropriate equitable relief," but does not authorize suits for money damages against third-parties. <u>Mertens v. Hewitt Associates</u>, 508 U.S. 248 (1993). The plaintiff's sole cognizable claim for denial of benefits would lie against Liberty Life if this claim could withstand a summary judgment motion. Accordingly, the Motion for Summary Judgment of Defendants Harbert and Heeschen is due to be granted.

5

V. <u>Defendant Liberty Life's Motion for Summary Judgment</u>

Liberty Life argues that it was well within its discretionary authority to deny benefits to the plaintiff. Generally, the decision by an insurance company to deny benefits is subject to an "abuse of discretion" or "arbitrary and capricious" standard of review. <u>Brown v. Blue Cross & Blue Shield of Alabama</u>, 898 F.2d 1556, 1563 (11th Cir. 1990). The plaintiff responds that under <u>Kirwan v. Marriott Corp.</u>, 10 F.3d 784 (11th Cir. 1994), a de novo standard of review should apply to Liberty Life's decision to deny benefits. The Court does not reach the question of the proper standard of review because, regardless of whether the de novo standard or the stricter "arbitrary and capricious" standard is applied, Liberty Life's Motion for Summary Judgment is due to be granted.

The plaintiff applied for disability benefits after he was informed of his termination by Harbert. He did not notify Harbert, Plan Administrator Heeschen, Met Life or Liberty Life of his intention to file for long-term disability benefits, nor did he attempt to file for them prior to his termination. The Liberty Life plan, as well as its predecessor, provides that disability benefits are not available to an employee who is able to perform all of the material and substantial duties of his employment. As noted, under the Liberty Life plan, this disability must occur prior to the date the participant's employment terminates. Furthermore, the plan's coverage ends when an employee ceases to work for the company. Liberty Life did not abuse its authority in reviewing the plaintiff's application. Although his cardiac disease may have made working more difficult, he worked up until the day of his termination. As noted above, even if the plaintiff had known of the switch in insurance carriers, he would have been unable to qualify for long-term disability

6

benefits while he was still able to perform his duties. Accordingly, the motion for summary judgment is due to be granted because Liberty Life's denial of benefits would be permissible even under the least deferential standard of review.

VI. <u>Defendants Harbert and Heeschen's Motion to Strike</u>

The Motion to Strike the plaintiff's claim for benefits is moot because the defendants' motions for summary judgment are due to be granted.

Dated: July 6, 1999

Chief Judge Sam C. Pointer, Jr.

Service List:
    John F. Kizer
    Melissa B. Collins
    Barry V. Frederick
    Jennifer F. Swain
    Samuel H. Franklin
    Wynn M. Shuford


SCANNED

7